IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA WILSON, | § | RE Cause No. DC-15-09089 |
| | § | In the 101st District Court |
| | § | Dallas County, Texas |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| DALLAS COUNTY HOSPITAL | § | |
| DISTRICT D/B/A PARKLAND | § | |
| HEALTH AND HOSPITAL SYSTEM | § | |
| AND JOHN DOES, | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Please take notice that the Dallas County Hospital District d/b/a Parkland Health &

Hospital System, defendant in this cause of action, files this Notice of Removal of the above-

captioned case, Case No. DC-15-09089, currently pending in the 101st District Court of Dallas

County, Texas.[1] In support of such removal, the Defendant states as follows:

## I.

1. On or about August 11, 2015, Debra Wilson commenced an action in the 101st

District Court of Dallas County, in the State of Texas. A copy of the petition (entitled "Plaintiff's

Original Petition and Request for Disclosure") is attached and marked as "Exhibit A".

---

[1] By removing this proceeding, the Defendant does not waive, and shall not be deemed to have waived any available
defenses or rights.

2.   Dallas County Hospital District timely filed its "Plea to the Jurisdiction and Motion for Summary Judgment and Original Answer Subject Thereto" on September 11, 2015, which is attached and marked as "Exhibit B."

3.   After Dallas County Hospital District timely filed its plea to the jurisdiction, Wilson amended her pleading to state new and additional causes of action. A copy of Wilson's amended petition (entitled "Plaintiff's First Amended Petition and Requests for Disclosure") is attached and marked as "Exhibit C."

4.   Wilson's amended petition sets forth federal questions of law. Specifically, Wilson alleges violation of federal law under 42 U.S.C. §§ 1983, 1985 and 1986. *See* Exhibit C, Pl.'s First Am. Pet. ¶¶ 69-101. Wilson's amended petition also makes an alternative claim for unconstitutional taking under the Fifth Amendment. *See* Exhibit C, Pl.'s First Am. Pet. ¶¶ 102-105.

5.   Removal of this action is proper because this Court has jurisdiction over the federal issues set forth in Wilson's amended petition. While Wilson's cause of action is meritless and without basis in law or fact, this case should be removed pursuant to 28 U.S.C. § 1331 regardless of the validity of Plaintiffs' allegations.  28 U.S.C. § 1331 vests federal courts with original jurisdiction over claims arising under federal law.

6.   The claims made under Wilson's initial pleading were not removable. Dallas County Hospital District first ascertained that this case had become removable upon receiving Wilson's amended petition, which was served on Defendant on November 13, 2015. Therefore, this removal is timely under 28 USC § 1446(b)(3).

7.   Pursuant to 28 U.S.C. § 1446(a), and Local Rule 81.1, the following documents are attached to this Notice of Removal: (1) a completed civil cover sheet; (2) a supplemental civil

cover sheet; (3) an index of all documents filed in the state court that indicates the date each document was filed in the state court; (4) a copy of the docket sheet in the state court action; (5) a copy of all other pleadings, process, orders, and other papers filed in the district court action; and (6) a separately signed Certificate of Interested Persons.

8.   At the time of this filing, Wilson has not served any other defendants in this matter and the District Court has not issued any citations, therefore consent for this removal is not required under 28 USC § 1446(b)(2). Upon filing this Notice of Removal, Dallas County Hospital District will properly serve the plaintiff, Debra Wilson, with written notice of such removal, and will file a Notice of Removal in Case No. DC-15-09089 in the 101st District Court of Dallas County, Texas.

## II.

WHEREFORE, the Defendant Dallas County Hospital District hereby gives notice under 28 USC § 1446 of the removal of this action from the 101st District Court of Dallas County, Texas, to this Northern District Division. Defendant Parkland further prays for all other relief to which it may be justly entitled.

Dated December 10, 2015

Respectfully Submitted,


By:   /s/ *Brenda Neel Hight*
      BRENDA NEEL HIGHT
      State Bar No. 09607400
      brenda.hight@brendahightlaw.com
      Brenda Hight Law, PLLC
      1701 N. Market St.
      Suite 200
      Dallas, Texas 75202
      Ph:    (214) 802-3943


      and


By:   /s/ *David Luningham*
      DAVID LUNINGHAM
      State Bar No. 12698850
      dluningham@watsoncaraway.com
      JOSHUA D. KORNELY
      State Bar No. 24087861
      jkornely@watsoncaraway.com
      WATSON, CARAWAY, MIDKIFF &
      LUNINGHAM, LLP
      1600 Oil & Gas Building
      309 West 7th Street
      Fort Worth, Texas 76102
      Ph:    (817) 870-1717
      Fax:   (817) 338-4842


      ATTORNEYS FOR DEFENDANT DALLAS
      COUNTY HOSPITAL DISTRICT D/B/A
      PARKLAND HEALTH & HOSPITAL SYSTEM

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of December, 2015, a true and correct copy of the above and foregoing document was served upon all counsel of record as follows:

***Attorney for Plaintiff***

D. Bradley Kizzia                                          Via electronic filing and email
State Bar No. 11547550                               and Via fax without exhibits
brad@brownfoxlaw.com
Kizzia Johnson PLLC
750 N. St. Paul Street, Suite 1320
Dallas, Texas 75201
Ph:    (469) 893-9940
Fax:   (214) 613-3330


/s/ *Joshua D. Kornely*
JOSHUA D. KORNELY

# Exhibit A

FILED
DALLAS COUNTY
12/11/2015 1:33:45 PM
FELICIA PITRE
DISTRICT CLERK

Angie Avina

DC-15-09089

CAUSE NO. _____

| | | |
|---|---|---|
| DEBRA WILSON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| DALLAS COUNTY HOSPITAL | § | |
| DISTRICT AND JOHN DOE, | § | |
| | § | |
| Defendants. | § | |
| | § | ___JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff, Debra Wilson ("Plaintiff" or "Wilson"), and files this, her Original

Petition and Request for Disclosure complaining of and about Defendants Dallas County

Hospital District d/b/a Parkland Health & Hospital System (Parkland), and Dr. John Doe,

individually and/or as joint tortfeasors (collectively referred to as "Defendants") and for causes

of action against each would respectfully sow unto the Court the following:

## I.

## DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 in accordance with Rule

190.3 of the Texas Rules of Civil Procedure

## II.

## PARTIES

2.     Plaintiff is an individual resident of Dallas County, Texas.

1

3.      Upon information and belief, Defendant Parkland is a Texas professional association, doing business in Dallas County, Texas. Defendant Parkland may be served with process by delivery of the citation to its registered agent Paul Leslie, Esq. at 5201 Harry Hines Blvd. Dallas, Texas 75235.

4.      Upon information and belief, the Defendant surgeon "John Doe" of Parkland, who operated on Plaintiff Wilson, is not identified at this time, but will be pending further discovery.

### III.

### JURISDICTION AND VENUE

5.      Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice & Remedies Code 15.002(a)(1) *et seq.* because the surgery giving rise to Plaintiff's injuries occurred in Dallas County, Texas, and, therefore, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Dallas County. The amount in controversy is within the jurisdictional limits of this Court.

### IV.

### STATUTORY NOTICE AND COMPLIANCE

6.      Plaintiff, to the extent her claims constitute a healthcare liability claim, has complied with all applicable codes, statutes and regulations. Plaintiff has tendered a timely and proper medical release and notice of this healthcare liability claim to one or more healthcare providers pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code.

## V.

## FACTS

7.     At all material times, defendant Parkland operated a facility which purported to provide to the public medical services, including but not limited to abdominal and cardiac surgery. At all material times, Plaintiff Debra Wilson was receiving medical and/or health care services and treatment from Defendant Parkland through its surgeons, medical staff, employees, servants, and/or agents.

8.     At all material times John Doe was acting as an independent contractor at Parkland; or alternatively as an agent, servant, and/or employee for Parkland in his administration and treatment of Plaintiff Wilson, at and while using tangible personal property of Parkland.

9.     On or about November 1, 2007, Defendant John Doe performed surgery on Plaintiff Wilson, a left heart catheterization procedure, using various tangible pieces of personal property of the hospital, including catheters, and other related objects, and surgical devices.

10.     During this vascular procedure performed by Defendant John Doe at Parkland, a long 20 centimeter piece of a plastic catheter broke due to his negligence, and remained in Plaintiff's body, due to his negligence and the negligence of the nurses and other hospital staff of Defendant Parkland.

11.     During all material times, Defendant John Doe, and other staff of Parkland, failed to inform his patient, Plaintiff Wilson, that the fragmented catheter remained inside the patient's body, negligently concealing this information.

3

12.     During all material times, Defendant John Doe and staff of Defendant Parkland knew or should have known that the fragmented catheter broke and that it remained inside the patient's body.

13.     Defendant John Doe and Defendant Parkland did not make Plaintiff aware that the surgical procedure performed and the conduct of the surgeon contained a risk of broken portions of the catheter remaining in her body after the surgery. The failures to warn by Defendants John Doe and Parkland precluded Plaintiff from making an intelligent decision not to undergo the procedure and suffer further medical complications from the broken catheter.

14.     The failures of Defendants to notify the Plaintiff of the broken catheter, and the portion remaining inside her body, precluded Plaintiff from making informed medical decisions of her further care and resulting medical decisions.

15.     On or about August 18, 2014 Plaintiff Wilson was suffering from abdominal pain and sought care from the emergency room at Parkland Hospital. After several tests and a CT scan, a foreign body was found in her thoracic and abdominal aorta.

16.     On or about August 18, 2014 the CT angiography showed what the examining doctor described as an "interesting calcific linear density beginning in the descending thoracic aorta extending to the level of the distal abdominal aorta which has been described as a calcified catheter fragment."

17.     The patient, Plaintiff Wilson, was informed of the catheter fragment during or after the completion of the angiography exam.

18.     Plaintiff was forced to undergo additional surgery, and other treatment for the injuries she sustained from the broken catheter, and the complications it caused.

19.    As a direct result of defendants' negligence in treating Plaintiff with regard to the left heart catheterization, Plaintiff suffered multiple injuries to her abdomen, and other relating physiological systems of her body, all of which have caused Plaintiff to sustain permanent bodily impairment, disfigurement, and reduced mobility. Plaintiff has undergone multiple surgeries, treatments, therapies, and medical procedures for her injuries and has experienced severe physical pain and mental anguish and will continue to do so in the future by reason of the nature and severity of the Plaintiff's injuries. Plaintiff has also been caused to incur substantial medical charges and expenses in the past and will continue to incur substantial medical expenses in the future for Plaintiff's injuries.

## VI.

### CAUSES OF ACTION AGAINT DEFENDANT PARKLAND HEALTH AND HOSPITAL SYSTEM

20.    Plaintiff repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21.    Defendant Parkland Health & Hospital Services is responsible for Plaintiff's injuries under the doctrines of corporate negligence, apparent or an ostensible agency, agency by estoppel, violation of non-delegable duties, and respondeat superior.

22.    Defendant Parkland is vicariously liable for the negligence of its surgeons, possibly including the unknown doctor that performed the surgery in 2007, its employees, nurses, technicians, servants and/or agents who are its actual agents, apparent agents, ostensible agents by estoppel, acts and/or omissions.

23.    Defendant Parkland is vicariously liable for the actions, inactions, and negligence of all its doctors, including the unknown John Doe doctor, and all personnel employed and/or supervised by it. Defendant Parkland is responsible for acts of surgeons, technicians, nurses,

specialists, and non-specialists with whom defendant Parklnad contracted, to whom it referred and/or whom it called to assist to provide care to Plaintiff Wilson.

**NEGLIGENCE**

24.     Plaintiff repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

25.     At all material times, Defendant Parkland had a duty under Texas law to exercise ordinary care and act as a medical facility of reasonable and ordinary prudence under the same or similar circumstances in owning, operating, managing, supervising, and/or providing medical and health care services, products, diagnosis, assessment, care, and treatment to and for Plaintiff Wilson's illness.

26.     Defendant Parkland independently and by and through its nursing starff, employees, agents and representatives, possibly including the unknown surgeon and doctors, breach its duty of care to Plaintiff Wilson by committing one or more acts or omissions of negligence which were a proximate cause of the occurrence, injuries, and damages set forth herein, as follows:

(a)     Negligently causing the catheter to break inside the Plaintiff's body;

(b)     Negligently leaving the broken piece of catheter in Plaintiff's body so as to cause the severe injuries to Plaintiff;

(c)     Failing to timely, properly, and adequately supervise the quality of medical diagnosis, assessment, care, and treatment to and for Plaintiff Wilson's illness and/or condition, so as to avoid breaking and leaving the catheter in Plaintiff's body;

(d)     Failing to provide timely, proper, and adequate medical, nursing, or health care provider diagnosis, assessment, care, and treatment to and for Plaintiff Wilson's

6

illness and/or condition, so as to avoid breaking and leaving the catheter in Plaintiff's body;

(e)     Failing to follow appropriate medical practices, so as to avoid breaking and leaving the catheter in Plaintiff's body;

(f)     Failing to properly train and supervise the surgeons, nurses, technicians, and staff responsible for Plaintiff Wilson's care and treatment, so as to avoid breaking and leaving the catheter in Plaintiff's body;

(g)     Failing to obtain informed consent for the surgical procedure performed on Plaintiff Wilson, including to adequately warn of and advise of the broken catheter left in Plaintiff's body;

(h)     Failing to promulgate and ensure compliance with written policies and procedures for properly assessing and obtaining treatment for patients such as Plaintiff Wilson in an appropriate fashion, so as to avoid breaking and leaving the catheter in Plaintiff's body;

27.     Each of the foregoing acts and omissions of Defendant Parkland, and John Doe, singularly or in combination with others, proximately caused the injuries.

## LACK OF INFORMED CONSENT

28.     Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29.     Defendants Parkland and John Doe owed a duty to Plaintiff to adequately disclose the risks and hazards involved in the medical procedures performed on Plaintiff Wilson, in order to permit Plaintiff to make an informed choice and give informed consent to the procedures.

7

30.     Defendants Parkland and John Doe did not inform the Plaintiff that the catheter could break and remain inside her body, denying her the ability to make an intelligent and informed decision.

31.     Defendants Parkland and John Doe did not inform the Plaintiff that the catheter did in fact break and remained inside her body, denying her the ability to make an intelligent and informed decision about her medical care following the surgery in 2007, and all treatment decision thereafter.

32.     Plaintiff justifiably relied on the misrepresentation, omissions, and/or fraudulent concealment of defendants John Doe and Parkland regarding the Plaintiff's illness or condition. Plaintiff would not have consented to the course of medical treatment proscribed by Defendants if she had been made aware of the broken catheter left behind in her body. Such acts, conduct, and omissions of defendants singularly or in combination, proximately caused Plaintiff's injuries and damages set forth herein.

## FRAUDULENT NONDISCLOSURE

33.     Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34.     Defendants John Doe and Parkland concealed Plaintiff's medical illness or condition of having a catheter left behind inside her body, in an attempt to induce the Plaintiff to act on this false information, or to induce the Plaintiff to refrain from acting on this information.

35.     Defendants John Doe and Parkland did have a duty to disclose these facts to the plaintiff, and these facts were material to the treatment and administration of Plaintiff's medical treatment..

36.     The defendant did in fact know, or should have known, that the Plaintiff was ignorant of the facts, and the Plaintiff did not have an equal opportunity to discover these facts as the Defendants did.

37.     This Defendants were deliberately silent when it had a duty to speak, and by failing to disclose these facts, the Defendants intended to induce the the Plaintiff to take some action or refrain from action on the nondisclosure.

38.     The Plaintiff relied on the Defendant's nondisclosure, and as a result, the Plaintiff was injured by acting without the knowledge of the undisclosed fact that a catheter broke off and remained inside her body.

## NEGLIGENT CONDITION OR USE OF TANGIBLE PERSONAL PROPERTY

39.     Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

40.     Defendants owed a duty to Plaintiff no to negligently cause injury to Plaintiff through a condition or use of tangible personal property.

41.     Defendant Parkland beached its duty and was negligent in causing injury to Plaintiff due to use of a defective catheter, in using the catheter in sucah a way that it broke during the procedure, in not removing the broken catheter from Plaintiff's body, and leaving the broken catheter in Plaintiff's body.

42.     As a direct and proximate result of Defendants' negligent hiring and use misuse or a condition of tangible personal property caused injury and damages as set forth herein, and therefore Defendant's Potential immunity is waived under CRPC § 101.024(2).

9

## VII.

## CAUSES OF ACTION AGAINT
## DEFENDANT JOHN DOE

43.    Plaintiff repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

44.    At all material times, Defendant John Doe, the unknown surgeon who performed the 2007 surgery on Plaintiff Wilson, had a duty under Texas law to exercise ordinary care and act as a physician and surgeon of reasonable and ordinary prudence under the same or similar circumstances in his diagnosis, assessment, care, and treatment of the illness and condition of Plaintiff Wilson.

45.    Defendant John Doe breached his duty of care to Plaintiff Wilson by committing one or more acts or omissions of negligence which were a proximate cause of the occurrence, injuries, and damages set forth herein, as follows:

(a)    Failing to timely, properly, and adequately diagnose or asses or recognize Plaintiff Wilson's illness and/or condition;

(b)    Failing to assist and/or provide the medical diagnosis, care, and treatment to and for Plaintiff Wilson's illness and/or condition in a timely, proper, and effective manner;

(c)    Failing to follow appropriate medical practices;

(d)    Failing to comply with written policies and procedures for properly assessing and obtaining treatment for patients such as Plaintiff Wilson in an appropriate fashion;

(e)    Failing to adequately warn Plaintiff of the risk of tangible property and objects breaking off during surgery, and remaining inside Plaintiff

10

Wilson's body, so that she could give her intelligent and informed consent to the surgery, and failing to obtain her informed consent;

(f)     Failing to ensure that Plaintiff's body was free of any broken pieces of a catheter or the like used during the surgery;

(g)     Failing to inspect the catheter after surgery to determine if it broke and still remained inside the body;

(h)     Failing to provide or recommend adequate post-op treatment of Plaintiff Wilson's condition of having a broken catheter left inside her;

(i)     Failing to avoid, delay, or adjust the surgery he performed on Plaintiff to accommodate the broken piece of catheter inside the patient, or to administer the surgery in a way that would prevent the catheter from breaking;

46.     Each of the foregoing acts and omissions of Defendant John Doe, singularly or in combination with others, proximately caused the injuries to Plaintiff as set forth herein.

## LACK OF INFORMED CONSENT

47. Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

48.     Defendants John Doe owed a duty to Plaintiff to adequately disclose the risks and hazards involved in the medical procedures performed on Plaintiff Wilson, in order to permit Plaintiff to make an informed choice and give informed consent to the procedures.

49.     Defendant John Doe did not inform the Plaintiff that the catheter could break and remain inside her body, denying her the ability to make an intelligent and informed decision.

50.     Defendant John Doe did not inform the Plaintiff that the catheter did in fact break and remained inside her body, denying her the ability to make an intelligent and informed

11

decision about her medical care following the surgery in 2007, and all treatment decision thereafter.

51.     Plaintiff justifiably relied on the misrepresentation, omissions, and/or fraudulent concealment of defendant John Doe regarding the Plaintiff's illness or condition. Plaintiff would not have consented to the course of medical treatment proscribed by Defendant if she had been made aware of the broken catheter left behind in her body. Such acts, conduct and omissions of defendants singularly or in combination, proximately caused Plaintiff's injuries and damages set forth herein.

## FRAUDULENT NONDISCLOSURE

52. Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

53.     Defendant John Doe concealed Plaintiff's medical illness or condition of having a catheter left behind inside her body, in an attempt to induce the Plaintiff to act on this false information, or to induce the Plaintiff to refrain from acting on this information.

54.     Defendant John Doe did have a duty to disclose these facts to the plaintiff, and these facts were material to the treatment and administration of Plaintiff's medical treatment.

55.     The defendant did in fact know, or should have known, that the Plaintiff was ignorant of the facts, and the Plaintiff did not have an equal opportunity to discover these facts as the Defendants did.

56.     This Defendant was deliberately silent when it had a duty to speak, and by failing to disclose these facts, the Defendants intended to induce the Plaintiff to take some action or refrain from action on the nondisclosure.

57.     The Plaintiff relied on the Defendant's nondisclosure, and as a result, the Plaintiff was injured by acting without the knowledge of the undisclosed fact that a catheter broke off and remained inside her body.

## VIII.

## RES ISPA LOQUITUR APPLIES TO THESE CIRCUMSTANCES

58.     This set of facts lends itself to the evidentiary rules of res ispa loquitur, because:

   (a) The character of the accident is such that it would not ordinarily occur in the absence of negligence, and
   (b) the instrumentality causing the injury is shown to have been under the management and control of the defendants, both singularly and together.

59.     This set of facts is such that it involves leaving surgical instruments within the body, namely, a catheter. Therefore, the doctrine of res ispa loquitur applies.

## IX.

## DAMAGES

60. Plaintiff repeats and realleges paragraphs 1 through 35 as if fully set forth herein.

61.     As a result of Defendants' negligence and other harmful conduct set forth hereinabove, Plaintiff has sustained medical expenses and extraordinary emotional pain and mental anguish, scarring, disfigurement, reduced mobility and impairment, and Plaintiff has therefore brought this suit against Defendants for damages she has suffered as a result of Defendants' conduct.

62.     Pursuant to Section 74.053 of the Texas Civil Practices and Remedies Code, Plaintiff does not specify an amount claimed as damages.

63.     As required by Rule 47 of the Texas Rules of Civil Procedure, the damages sought herein are within the jurisdictional limits of the Court and Plaintiff seeks monetary relief

over $1,000,000 plus a judgment for all other relief to which Plaintiff is entitled. The amount of monetary relief actually awarded, however, will ultimately be determined by the trier of fact.

## X.

## REQUEST FOR DISCLOSURE

64.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in the Texas Rule of Civil Procedure 194(a)-(k).

## XI.

## USE OF DISCOVERY

65.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff intends to use all documents produced by Defendants in discovery conducted in this matter at any pretrial proceeding and/or trial.

## XII.

## REQUEST FOR LEGAL HOLD

66.     Defendants are requested to hold and to take steps necessary to preserve all evidence relevant to this case during the pendency of this litigation, including but not limited to all documents, records, reports, X-ray films, films, photographs, emails, letters, text messages, video, audio, and any other form of communication or other evidence related to Plaintiff and/or Plaintiff's injuries.

## XIII.

## JURY DEMAND

67.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

Case 3:15-cv-03942-BF   Document 1   Filed 12/11/15   Page 21 of 56   PageID 21

# XIV.

## CONDITIONS PRECEDENT

68.     All conditions precedent to Plaintiff's claims have occurred or been waived by Defendants.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Debra Wilson prays that Defendants appear and answer herein, and that upon final hearing, she have judgment against defendants, jointly and severally, for damages, together with pre- and post-judgment interest at the highest legal rates, costs of court, and all such other and further relief, general and special, legal equitable, to which she may show herself justly entitled.

Respectfully submitted,


/s/ D. Bradley Kizzia                                      Dallas County
Hospital District d/b/a Parkland Health & Hospital
System (Parkland), and Dr. John Doe, individually
and/or as joint tortfeasors
**D. BRADLEY KIZZIA**
State Bar No. 11547550
brad@brownfoxlaw.com
**KIZZIA JOHNSON PLLC**
750 N. St. Paul Street, Suite 1320
Dallas, Texas 752010
(469) 893-9940
(214) 613-3330 FAX


**ATTORNEY FOR PLAINTIFF**

# Exhibit B

FILED
DALLAS COUNTY
9/11/2015 10:14:39 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-09089

| | | |
|---|---|---|
| **DEBRA WILSON** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **V.** | § | **101ST JUDICIAL DISTRICT** |
| | § | |
| **DALLAS COUNTY HOSPITAL** | § | |
| **DISTRICT AND JOHN DOE** | § | **DALLAS COUNTY, TEXAS** |

## PLEA TO THE JURISDICTION and MOTION FOR SUMMARY JUDGMENT
### And
### ORIGINAL ANSWER SUBJECT THERETO

**TO THE SAID HONORABLE COURT:**

Dallas County Hospital District d/b/a Parkland Health & Hospital System ("DCHD/Parkland"), one

of the Defendants in the above styled and numbered cause, makes and asserts the following plea to the

jurisdiction, summary judgment under Texas Rule of Civil Procedure 166a and answer subject thereto, to

the allegations of Debra Wilson:

### I.
### Plea to the Jurisdiction

A.      Failure to Provide Required Notice under Tex. Civ. Prac. & Rem. Code 101.101, and Tex. Govt.

Code 311.034, results in bar to claim.

On the face of Ms. Wilson's pleadings, it is unequivocal that the alleged injurious event to the

Plaintiff occurred November 1, 2007. According to Plaintiff, Defendant "Joe Doe" performed surgery on

Plaintiff and due to the alleged negligence of John Doe as well as the nurses and other hospital staff of

Defendant Parkland, a twenty centimeter piece of plastic catheter broke off and remained in Plaintiff's body. See Plaintiff Original Petition at V. ¶¶ 9 and 10.

Under the Texas Tort Claims Act, a plaintiff must provide notice to a governmental entity no later than six months from the date of injury. Section 101.101. The Texas Code Construction Act makes this notice provision a jurisdictional requirement in all suits against a governmental entity. Tex. Gov't Code Section 311.034. There is no discovery rule or tolling of limitations or notice under the statute. Further, the Open Courts provision does not apply in a case involving a governmental entity, so this Honorable Court should grant the plea to the jurisdiction, as Parkland did not receive the jurisdictional notice within six months of the time the event occurred, as evidenced within the factual pleadings of the Plaintiff, Debra Wilson. *See Timmons v. Univ. Med. Ctr.*, 331 S.W.3d 840 (Tex. App. Amarillo 2011, no pet.), in which the Court of Appeals noted the Code Construction Act made the notice requirement jurisdictional. *See also, Muniz v. Cameron County*, 2012 Tex. Lexis 3816 (Tex. App Corpus Christi 2012) petition for review denied, 2012 Tex. Lexis 712. In both those decisions, the courts reviewed the Texas Tort Claims Act notice requirement, framed by the Code Construction Act, as jurisdictional, and found that the fact that the injury was not discoverable during that six month time did not toll the time nor provide a discovery rule. As further legal support, the Texas Supreme Court reviewed the notice requirement of 101.101 of the Texas Tort Claims Act and the Code Construction Act 311.034, in a case in which an injured person served suit within six months of the injury causing event, in which all the requisite required facts under 101.101 were stated, but that plaintiff had not served a pre-suit notice demand. In that decision, the Court stated the notice requirement is jurisdictional, but the Court also found serving a suit with the requisite notice facts required within the six month time period met the jurisdictional requirement of the Code Construction Act. *Colquitt v. Brazoria County*, 324 S.W.3D 539 (Tex.2010).

B.      Failure to State a Claim within the Waiver of Immunity bars the Lawsuit.

Defendant Dallas County Hospital District is a hospital district and a political subdivision of the State of Texas governmental unit as defined by Section 101.001, Texas Civil Practice & Remedies Code.

As such, it has sovereign immunity from liability for an occurrence such as that alleged by Plaintiff except as expressly provided by the Texas Tort Claims Act. Section 101.021, Texas Civil Practice & Remedies Code.

The Texas Tort Claims Act, Sec. 101.021, Tex. Civ. Prac. & Rem. Code, grants a limited waiver of sovereign tort immunity:

"A governmental Unit in this state is liable for: (2) ... personal injury ... proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: ...(B) the employee would be personally liable to the claimant according to Texas law; and (2) personal injury ... so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."

On the face of Plaintiff's pleading, her allegations do not state a cause of action invoking the limited waiver of sovereign tort immunity granted by the Texas Legislature in Section 101.021 of Texas Civil Practice & Remedies Code, as the alleged Dr. Doe could be a person other than an employee in the course and scope of employment for Parkland. Also a catheter breaking during a procedure is not a *per se* or *res ipsa loquiter* event that falls within any waiver of immunity under the Texas Tort Claims Act. As such, Plaintiff does not allege facts which, if proven, would establish that the negligence of an employee of Defendant DCHD/Parkland in the use or condition of any specified items of tangible personal property proximately caused the alleged injury or damage to Plaintiff. Therefore, the Court has no jurisdiction over the subject matter of this suit.

Additionally, Plaintiff's pleadings describing failure to observe or find, concealment, fraudulent concealment, "fraudulent non-disclosure," "failure of informed consent," and "respondeat superior" fail to state legal theories for which the Legislature has allowed a limited waiver of immunity. None of these theories of liability apply to a governmental entity, and therefore granting a plea to the jurisdiction is appropriate. At no point does the pleading articulate conduct by an employee that was caused injury by the use of tangible property. See Plaintiff's Original Petition at V. and VI.

## II.

### Rule 166A

### Statute of Limitations

Parkland moves for summary judgment on the pleadings, under Texas Rule of Civil Procedure 166A, as the governing laws, the Texas Practice and Remedies Code Chapter 74 and the Texas Tort Claims Act 101.101 and Texas Government Code 311.034 compel the conclusion that Debra Wilson's claims against Parkland are barred by the statute of limitations. See Tex.Prac. & Rem. Code 74.251, the period for filing of suit ended two years from the date of the surgery, or November 7, 2009. The discovery rule does not apply to governmental entities. *Putthoff v. Ancrum*, 934 S.W.2d 164, 174 (Tex. App. – Fort Worth 1996, writ denied). "It is undisputed that [plaintiffs] did not give written notice of their claim within six months after the incident in question. They contend that because they did not discover that the larynx and other body parts of [D] were missing until the exhumation and second examination, notice was not required until after this discovery was made. This contention is without merit. [W]e hold that the discovery rule does not apply to claims made under the Texas Tort Claims Act." Based on the law, this Court should dismiss this lawsuit, giving Dallas County Hospital District all its costs.

## III.

### General Denial

Defendant generally denies the allegations of Plaintiff, and of this general denial asserts the right to a trial by jury.

## IV.

### Sovereign/Governmental Immunity

The Dallas County Hospital District is a hospital district and a political subdivision of the State of Texas created pursuant to Section 281.002, Texas Health & Safety Code. It is a governmental unit as defined by Section 101.001, Texas Civil Practice & Remedies Code. Except as expressly provided by the Texas Tort Claims Act. Section 101.025, Texas Civil Practice & Remedies Code, Dallas County Hospital District

has sovereign immunity from liability for an occurrence such as that alleged by Plaintiff.

Under the Texas Tort Claims Act, Defendant affirmatively asserts the following additional defenses and limitations.

A.      The alleged cause of action is barred because Defendant cannot be held liable for any injury not caused by the condition or an employee's use of tangible personal or real property. Section 101.021, Texas Civil Practice & Remedies Code. Those statutory requirements are not met in this case.

B.      As a unit of local government, Defendant's liability for alleged bodily injury is limited to money damages in a maximum amount of $100,000 for each person and $300,000 for each single occurrence. Section 101.023(b), Texas Civil Practice & Remedies Code. Defendant asserts that its maximum potential liability in this case is statutorily capped at $100,000.00.

C.      Defendant cannot be held liable for exemplary damages. Section 101.024, Texas Civil Practice & Remedies Code.

D.      Defendant asserts that it cannot be held liable under a claim for any alleged intentional tort. Section 101.057(2), Texas Civil Practice & Remedies Code.

E.      Defendant asserts that no cause of action exists against this governmental entity for alleged discretionary acts of its employees or itself. Sec. 101.056, Tex. Civ. Prac. & Rem. Code.

F.      Defendant asserts that by filing suit against this governmental unit, Plaintiff has made an irrevocable election that immediately and forever bars any suit or recovery by her against any individual employee of Defendant regarding the same subject matter, such that immediate dismissal of any individual Defendant such as the alleged John Doe (assuming said surgeon was an employee in the course and scope of employment at Parkland) is mandated upon the filing of a motion by DCHD/Parkland (and such motion shall be filed). Sec. 101.106 (a) & (e), Tex. Civ. Prac. & Rem. Code.

G.      Neither the existence nor the amount of insurance held by a governmental unit is discoverable or

admissible. Sec.101.104, Tex. Civ. Prac. & Rem. Code.

## V.

### Defenses and Rights under the Texas Medical Liability Act

Defendant is a "health care provider" within the definitions of Sec. 74.001(10), (11)(G), and

12(A)(vii) of the Texas Civil Practice & Remedies Code. Accordingly, Plaintiff s alleged cause of action

is subject to the requirements, limitations, and other provisions of Chapter 74, which are asserted by this

Defendant. These include but are not limited to: the notice-of-claim requirements of Section 74.051, the

expert witness report and CV requirements of Section 74.351,  the requirements and limitations and

burdens imposed on suits alleging lack of informed consent and/or battery of Sections 74.101 through

74.106, the qualifications of expert witnesses in suits against health care provider standards of Section

74.402, and the qualifications of expert witnesses on causation in health care liability claims standards of

Section 74.403.  Defendant asserts all of these provisions.

## VI.

### Credit/Offset

Defendant asserts all rights to credit and/or offset, with respect to any and all sums of money

owed to Defendant by Plaintiff for health care services and supplies furnished to/for her and/or for which

she is financially responsible.

## VII.

### Conditions Not Resulting From the Occurrence in Question

Defendant asserts the right to an instruction that the jury not include, as damages, any amount for

any conditions not resulting from the alleged occurrence in question (PJC 80.7), to-wit: the pre-existing or

subsequently occurring medical conditions and treatment of Plaintiff as documented in her medical

records.

## VIII.
### Evidence Relating to Amount of Economic Damages

Defendant asserts that Plaintiff's recovery of any medical or healthcare expenses incurred is limited to the amounts actually paid or incurred by Plaintiff or on her behalf, and that Plaintiff may not present evidence before the jury of medical or healthcare expenses in excess of same. Section 41.0105, Tex. Civ. Prac. & Rem Code.

## XIII.
### Objection to Plaintiffs' Rule 194 Request for Disclosure

Defendant objects to the Rule 194 Request for Disclosure at paragraph X of Plaintiff's Original Petition, on the ground and to the extent it seeks information and documents outside the prohibitions and statutory stay expressly imposed by Section 74.351 (s), Tex. Civ. Prac. & Rem. Code.

## IX.
### RULE 194 REQUEST FOR DISCLOSURE TO PLAINTIFF

Pursuant to Rule 194, T.R.C.P., and only to the extent consistent with the prohibitions and statutory stay of Sec. 74.351(s), Tex. Civ. Prac. & Rem. Code, Defendant requests that Plaintiff disclose, within 30 days after service of this Request, the information and documents set out in Rule 194, T.R.C.P.

WHEREFORE, PREMISES CONSIDERED, Dallas County Hospital District d/b/a Parkland Health & Hospital System prays that upon final hearing hereon, Plaintiff take nothing and that Parkland Health & Hospital System be discharged hence without day to recover all costs in this behalf expended, and for such other and further relief, both general and special, both at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

> s/ *Brenda Neel Hight*
> Brenda Neel Hight
> Brenda Hight Law, PLLC
> State Bar No. 09607400
> 1701 N. Market St.
> Suite 200
> Dallas, Texas 75202
> 214-802-3943
> Brenda.hight@brendahightlaw.com
> Attorney for Dallas County Hospital District

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Dallas County Hospital District Plea to the Jurisdiction, Motion for Summary Judgment under 166A, and answer subject to, and Requests for Disclosure to Debra Wilson was forwarded to the following in accordance with the Texas Rules of Civil Procedure on this 11th day of September, 2015 as follows:

D. Bradley Kizzia,                                   by electronic filing and email
State Bar No. 11547550
brad@brownfoxlaw.com
Kizzia Johnson PLLC
750 N. St. Paul Street Suite 1320
Dallas Texas 752010
469-893-9940
214-613-3330 FAX
Attorney for Debra Wilson, Plaintiff


> __/s_____
>              Brenda Neel Hight

# Exhibit C

FILED
DALLAS COUNTY
11/13/2015 9:02:29 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-185-09089

| | | |
|---|---|---|
| DEBRA WILSON, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| DALLAS COUNTY HOSPITAL | § | |
| DISTRICT D/B/A PARKLAND | § | |
| HEALTH & HOSPITAL SYSTEM | § | |
| AND JOHN DOES, | § | |
| | § | 101st JUDICIAL DISTRICT |
| **Defendants.** | | |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff, Debra Wilson ("Plaintiff" or "Wilson"), and files this, her First Amended Original Petition and Request for Disclosure complaining of and about Defendants Dallas County Hospital District d/b/a Parkland Health & Hospital System (Parkland), and Dr. John Does, individually and/or as joint tortfeasors (collectively referred to as "Defendants") and for causes of action against each would respectfully show unto the Court the following:

## I.

## DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 in accordance with Rule 190.3 of the Texas Rules of Civil Procedure

## II.

## PARTIES

2.      Plaintiff is an individual resident of Dallas County, Texas.

1

3.     Upon information and belief, Defendant Parkland is a Texas professional association, doing business in Dallas County, Texas. Defendant Parkland has been served with process and has made its appearance herein.

4.     Upon information and belief, the Defendant Doctors "John Does" who operated on, treated, and withheld information from Plaintiff Wilson at Parkland are not identified at this time, but will be pending further discovery.

## III.

## JURISDICTION AND VENUE

5.     Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice & Remedies Code 15.002(a)(1) *et seq.* because the surgery giving rise to Plaintiff's injuries occurred in Dallas County, Texas, and, therefore, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Dallas County. The amount in controversy is within the jurisdictional limits of this Court.

## IV.

## STATUTORY NOTICE AND COMPLIANCE

6.     Plaintiff, to the extent her claims constitute a healthcare liability claim, has complied with all applicable codes, statutes and regulations. Plaintiff has tendered a timely and proper medical release and notice of this healthcare liability claim to one or more healthcare providers pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code.

## V.

7.     Furthermore, to the extent that the Notice requirement of Section 101.101 of the Texas Civil Practices Code applies to some of Plaintiff's claims as alleged by Defendant Parkland, Plaintiff specifically pleads that she did provide notice within six months of the

2

incident giving rise to her claim. Plaintiff further specifically pleads that Defendant Parkland had actual notice of her injury. Indeed, on at least 13 different occasions within six months of the incident Defendant Parkland received actual notice of Plaintiff's injury.

**VI.**

**FACTS**

8.   At all material times, defendant Parkland operated a facility which purported to provide to the public medical services, including but not limited to abdominal and cardiac surgery. At all material times, Plaintiff Debra Wilson was receiving medical and/or health care services and treatment from Defendant Parkland through its medical staff, employees, servants, and/or agents, and Parkland is therefore vicariously liable for its employees' negligence and misconduct as described herein, including the misuse of tangible personal property.

9.   At all material times the John Doe doctors were acting as an independent contractors at Parkland in their administration and treatment of Plaintiff Wilson, at and while using tangible personal property of Parkland and are independently liable for their negligence and misconduct for which Parkland is not vicariously liable.

10.   On or about November 1, 2007, Defendants performed surgery on Plaintiff Wilson, a left heart catheterization procedure, using various tangible pieces of personal property of the hospital, including catheters, and other related objects, and surgical devices.

11.   During this vascular procedure performed by Defendants at Parkland, a long 20 centimeter piece of a plastic catheter broke due to Defendants' negligence, and remained in Plaintiff's body, due to the John Doe Defendants' negligence and the negligence of the nurses and other hospital staff of Defendant Parkland. Alternatively, Defendants deliberately withheld and concealed such information in violation of Plaintiff's rights.

3

12.     During all material times, the John Doe Defendants, and other staff of Parkland, failed to inform their patient, Plaintiff Wilson, that the fragmented catheter remained inside the patient's body, negligently or intentionally concealing this information.

13.     During all material times, Defendants knew or should have known that the fragmented catheter broke and that it remained inside the patient's body.

14.     Defendants did not make Plaintiff aware that the surgical procedure performed and the conduct of the surgeon contained a risk of broken portions of the catheter remaining in her body after the surgery. The failures to warn by Defendants precluded Plaintiff from making an intelligent decision not to undergo the procedure and suffer further medical complications from the broken catheter in violation of her rights.

15.     The failures of Defendants to notify the Plaintiff of the broken catheter, and the portion remaining inside her body, precluded Plaintiff from making informed medical decisions of her further care and resulting medical decisions in violation of her rights.

16.     On or about August 18, 2014 Plaintiff Wilson was suffering from abdominal pain and sought care from the emergency room at Parkland Hospital. After several tests and a CT scan, a foreign body was found in her thoracic and abdominal aorta.

17.     On or about August 18, 2014 the CT angiography showed what the examining doctor described as an "interesting calcific linear density beginning in the descending thoracic aorta extending to the level of the distal abdominal aorta which has been described as a calcified catheter fragment." Subsequently, on or about September 2014, Plaintiff was first advised of this problem and immediately took action by complaining to Defendant Parkland.

18.     As a direct result of Defendants' negligence in treating Plaintiff with regard to the left heart catheterization, Plaintiff suffered multiple injuries to her abdomen, and other relating

4

physiological systems of her body, all of which have caused Plaintiff to sustain permanent bodily impairment, disfigurement, and reduced mobility. Plaintiff has undergone multiple surgeries, treatments, therapies, and medical procedures for her injuries and has experienced severe physical pain and mental anguish and will continue to do so in the future by reason of the nature and severity of the Plaintiff's injuries. Plaintiff has also been caused to incur substantial medical charges and expenses in the past and will continue to incur substantial medical expenses in the future for Plaintiff's injuries.

## VII.

## CAUSES OF ACTION AGAINST
## DEFENDANT PARKLAND HEALTH AND HOSPITAL SYSTEM

19.     Plaintiff repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

20.     Defendant Parkland Health & Hospital Services is responsible for Plaintiff's injuries under the doctrines of negligence, res ipsa loquitur, Texas Tort Claims Act, 28 U.S.C. §1983, apparent or an ostensible agency, agency by estoppel, violation of non-delegable duties, and respondeat superior.

21.     Defendant Parkland is vicariously liable for the negligence of its employees, nurses, technicians, servants and/or agents who are its actual agents, apparent agents, ostensible agents by estoppel, acts and/or omissions, and all personnel employed and/or supervised by it.

## NEGLIGENCE

22.     Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23.     At all material times, Defendant Parkland had a duty under Texas law to exercise ordinary care and act as a medical facility of reasonable and ordinary prudence under the same or similar circumstances in owning, operating, managing, supervising, and/or providing medical

and health care services, products, diagnosis, assessment, care, and treatment to and for Plaintiff Wilson's illness.

24.     Defendant Parkland independently and by and through its nursing staff, technicians, employees, agents and representatives, breached its duty of care to Plaintiff Wilson by committing one or more acts or omissions of negligence which were a proximate cause of the occurrence, injuries, and damages set forth herein, as follows:

(a)     Negligently causing the catheter to break inside the Plaintiff's body;

(b)     Negligently leaving the broken piece of catheter in Plaintiff's body so as to cause the severe injuries to Plaintiff;

(c)     Failing to timely, properly, and adequately supervise the quality of medical diagnosis, assessment, care, and treatment to and for Plaintiff Wilson's illness and/or condition, so as to avoid breaking and leaving the catheter in Plaintiff's body;

(d)     Failing to provide timely, proper, and adequate medical, nursing, or health care provider diagnosis, assessment, care, and treatment to and for Plaintiff Wilson's illness and/or condition, so as to avoid breaking and leaving the catheter in Plaintiff's body;

(e)     Failing to follow appropriate medical practices, so as to avoid breaking and leaving the catheter in Plaintiff's body;

(f)     Failing to properly train and supervise the nurses, technicians, and staff responsible for Plaintiff Wilson's care and treatment, so as to avoid breaking and leaving the catheter in Plaintiff's body;

(g)    Failing to obtain informed consent for the surgical procedure performed on
       Plaintiff Wilson, including to adequately warn of and advise of the broken
       catheter left in Plaintiff's body;

(h)    Failing to promulgate and ensure compliance with written policies and procedures
       for properly assessing and obtaining treatment for patients such as Plaintiff
       Wilson in an appropriate fashion, so as to avoid breaking and leaving the catheter
       in Plaintiff's body;

25.    Each of the foregoing acts and omissions of Defendant Parkland, and John Doe,
singularly or in combination with others, proximately caused the injuries.

LACK OF INFORMED CONSENT

26.    Plaintiff repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27.    Defendant Parkland owed a duty to Plaintiff to adequately disclose the risks and
hazards involved in the medical procedures performed on Plaintiff Wilson, in order to permit
Plaintiff to make an informed choice and give informed consent to the procedures.

28.    Defendants Parkland did not inform the Plaintiff that the catheter could break and
remain inside her body, denying her the ability to make an intelligent and informed decision.

29.    Defendants Parkland did not inform the Plaintiff that the catheter did in fact break
and remained inside her body, denying her the ability to make an intelligent and informed
decision about her medical care following the surgery in 2007, and all treatment decision
thereafter.

30.    Plaintiff justifiably relied on the misrepresentation, omissions, and/or fraudulent
concealment of defendants John Doe and Parkland regarding the Plaintiff's illness or condition.
Plaintiff would not have consented to the course of medical treatment proscribed by Defendants

if she had been made aware of the broken catheter left behind in her body. Such acts, conduct, and omissions of defendants singularly or in combination, proximately caused Plaintiff's injuries and damages set forth herein.

## FRAUDULENT CONCEALMENT AND/OR NONDISCLOSURE

31.     Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32.     Defendant Parkland concealed Plaintiff's medical illness or condition of having a catheter left behind inside her body, in an attempt to induce the Plaintiff to act on this false information, or to induce the Plaintiff to refrain from acting on this information.

33.     Defendant Parkland did have a duty to disclose these facts to the plaintiff, and these facts were material to the treatment and administration of Plaintiff's medical treatment..

34.     The Defendant did in fact know, or should have known, that the Plaintiff was ignorant of the facts, and the Plaintiff did not have an equal opportunity to discover these facts as the Defendants did.

35.     Defendant Parkland was deliberately silent when it had a duty to speak, and by failing to disclose these facts, the Defendants intended to induce the Plaintiff to take some action or refrain from action on the nondisclosure.

36.     The Plaintiff relied on the Defendant's nondisclosure, and as a result, the Plaintiff was injured by acting without the knowledge of the undisclosed fact that a catheter broke off and remained inside her body.

37.     Any intentional and/or fraudulent concealment by employees of Defendant Parkland were ultra vires acts to which held immunity does not apply.

## NEGLIGENT CONDITION OR USE OF TANGIBLE PERSONAL PROPERTY

38.     Plaintiff repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

8

39.     Defendants owed a duty to Plaintiff not to negligently cause injury to Plaintiff through a condition or use of tangible personal property.

40.     Defendant Parkland breached its duty and was negligent in causing injury to Plaintiff due to use of a defective catheter, in using the catheter in such a way that it broke during the procedure in not removing the broken catheter from Plaintiff's body, and leaving the broken catheter in Plaintiff's body.

41.     As a direct and proximate result of Defendants' negligent hiring and use misuse or a condition of tangible personal property caused injury and damages as set forth herein, and therefore Defendant's Potential immunity is waived under CRPC § 101.024(2).

## ALTERNATIVE CLAIM FOR UNCONSTITUTIONAL TAKING PURSUANT TO ARTICLE I, SECTION 17 OF THE TEXAS CONSTITUTION

42. Plaintiff repeats and realleges paragraphs 1 through 41 as if fully set forth herein.

43. Defendants allege, wrongly, that Plaintiff Wilson's causes of action against them under state law are barred.

44. As described elsewhere in this petition, if this argument were to be accepted, it would be the result of Defendants depriving Plaintiff Wilson of her causes of action against them under state law without just compensation.

45. Accordingly, Plaintiff Wilson has a claim for the unconstitutional taking of her state law causes of action by concealing the information underlying them (thereby taking the value of the claim or a portion of the value of the claim without paying just compensation) pursuant to the Article I, Section 17 of the Texas Constitution.

46. Furthermore, Defendants' storing of a catheter in Plaintiff Wilson's aorta for years without her knowledge or permission – and continuing to store the catheter in Plaintiff Wilson's aorta even after Plaintiff Wilson made it known that she would like

9

the catheter removed – constitutes a taking of a portion of Plaintiff Wilson's aorta without just compensation.

## VIII.

### CAUSES OF ACTION AGAINST
### THE JOHN DOE DEFENDANTS

47.     Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48.     At all material times, the John Doe Defendants, the unknown doctors who performed the 2007 surgery on Plaintiff Wilson, who examined her, who tested her, and who treated her, had a duty under Texas law to exercise ordinary care and act as a physician and surgeon of reasonable and ordinary prudence under the same or similar circumstances in their diagnosis, assessment, care, and treatment of the illness and condition of Plaintiff Wilson.

49.     Defendants breached his duty of care to Plaintiff Wilson by committing one or more acts or omissions of negligence which were a proximate cause of the occurrence, injuries, and damages set forth herein, as follows:

(a)     Failing to timely, properly, and adequately diagnose or asses or recognize Plaintiff Wilson's illness and/or condition;

(b)     Failing to assist and/or provide the medical diagnosis, care, and treatment to and for Plaintiff Wilson's illness and/or condition in a timely, proper, and effective manner;

(c)     Failing to follow appropriate medical practices;

(d)     Failing to comply with written policies and procedures for properly assessing and obtaining treatment for patients such as Plaintiff Wilson in an appropriate fashion;

10

(e)   Failing to adequately warn Plaintiff of the risk of tangible property and objects breaking off during surgery, and remaining inside Plaintiff Wilson's body, so that she could give her intelligent and informed consent to the surgery, and failing to obtain her informed consent;

(f)   Causing the catheter to break inside Plaintiff's body;

(g)   Failing to ensure that Plaintiff's body was free of any broken pieces of a catheter or the like used during the surgery;

(h)   Failing to inspect the catheter after surgery to determine if it broke and still remained inside the body;

(i)   Failing to provide or recommend adequate post-op treatment of Plaintiff Wilson's condition of having a broken catheter left inside her, including removal of the broken piece of catheter;

(j)   Failing to avoid, delay, or adjust the surgery he performed on Plaintiff to accommodate the broken piece of catheter inside the patient, or to administer the surgery in a way that would prevent the catheter from breaking; and

(k)   Failing to timely disclose the broken piece of catheter in Plaintiff's body.

50.   Each of the foregoing acts and omissions of the John Doe Defendants, singularly or in combination with others, proximately caused the injuries to Plaintiff as set forth herein.

## LACK OF INFORMED CONSENT

51.   Plaintiff repeats and realleges paragraphs 1 through 50 as if fully set forth herein.

11

52.     The John Doe Defendants owed a duty to Plaintiff to adequately disclose the risks and hazards involved in the medical procedures performed on Plaintiff Wilson, in order to permit Plaintiff to make an informed choice and give informed consent to the procedures.

53.     The John Doe Defendants did not inform the Plaintiff that the catheter could break and remain inside her body, denying her the ability to make an intelligent and informed decision.

54.     The John Doe Defendants did not inform the Plaintiff that the catheter did in fact break and remained inside her body, denying her the ability to make an intelligent and informed decision about her medical care following the surgery in 2007, and all treatment decision thereafter.

55.     Plaintiff justifiably relied on the misrepresentation, omissions, and/or fraudulent concealment of defendant John Doe regarding the Plaintiff's illness or condition. Plaintiff would not have consented to the course of medical treatment proscribed by Defendant if she had been made aware of the broken catheter left behind in her body. Such acts, conduct and omissions of defendants singularly or in combination, proximately caused Plaintiff's injuries and damages set forth herein.

## FRAUDULENT CONCEALMENT AND NONDISCLOSURE

56.     Plaintiff repeats and realleges paragraphs 1 through 55 as if fully set forth herein.

57.     The John Doe Defendants concealed Plaintiff's medical illness or condition of having a catheter left behind inside her body, in an attempt to induce the Plaintiff to act on this false information, or to induce the Plaintiff to refrain from acting on this information.

58.     The John Doe Defendants did have a duty to disclose these facts to the plaintiff, and these facts were material to the treatment and administration of Plaintiff's medical treatment.

59.    The John Doe Defendants did in fact know, or should have known, that the

Plaintiff was ignorant of the facts, and the Plaintiff did not have an equal opportunity to discover

these facts as the Defendants did.

60.    Defendants were deliberately silent when it had a duty to speak, and by failing to

disclose these facts, the Defendants intended to induce the Plaintiff to take some action or refrain

from action on the nondisclosure.

61.    The Plaintiff relied on the Defendant's nondisclosure, and as a result, the Plaintiff

was injured by acting without the knowledge of the undisclosed fact that a catheter broke off and

remained inside her body.


## IX.

## NO SOVEREIGN IMMUNITY

62.    To the extent of the John Doe Defendants claim to be employees of a

governmental entity, Plaintiff submits that sovereign immunity does not apply to their acts of

intentional nondisclosure and fraudulent concealment, which are ultra vires acts, nor to their

negligent misuse of tangible personal property because any immunity is waived for such

negligence.

## X.

## RES ISPA LOQUITUR APPLIES TO THESE CIRCUMSTANCES

63.    This set of facts lends itself to the evidentiary rules of res ispa loquitur, because:

(a) The character of the accident is such that it would not ordinarily occur in the absence of negligence, and
(b) the instrumentality causing the injury is shown to have been under the management and control of the defendants, both singularly and together.

13

64.     This set of facts is such that it involves leaving surgical instruments within the body, namely, a catheter. Therefore, the doctrine of res ispa loquitur applies.

## XI.

## DAMAGES

65.     Plaintiff repeats and realleges paragraphs 1 through 64 as if fully set forth herein.

66.     As a result of Defendants' negligence and other harmful conduct set forth hereinabove, Plaintiff has sustained medical expenses and extraordinary emotional pain and mental anguish, scarring, disfigurement, reduced mobility and impairment, and Plaintiff has therefore brought this suit against Defendants for damages she has suffered as a result of Defendants' conduct.

67.     Pursuant to Section 74.053 of the Texas Civil Practices and Remedies Code, Plaintiff does not specify an amount claimed as damages.

68.     As required by Rule 47 of the Texas Rules of Civil Procedure, the damages sought herein are within the jurisdictional limits of the Court and Plaintiff seeks monetary relief over $1,000,000 plus a judgment for all other relief to which Plaintiff is entitled. The amount of monetary relief actually awarded, however, will ultimately be determined by the trier of fact.

## XII.

## CLAIMS UNDER FEDERAL LAW

**VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS THROUGH
DENIAL OF MEDICAL CARE
(42 U.S.C. §§ 1983, 1985, AND 1986)**

69. Plaintiff repeats and realleges paragraphs 1 through 68 as if set forth fully herein.

14

70. Plaintiff Wilson had rights to receive needed medical care – including, but not limited to, rights arising under federal programs in which one or more of Defendants participated.

71. Defendants violated this right by denying Plaintiff Wilson medical treatment for the broken catheter lodged in her aorta (and not even disclosing the existence of this condition to Plaintiff Wilson).

72. On information and belief, the Defendants, knowing of the existence of the broken-off piece of catheter in Plaintiff Wilson's aorta, made the intentional decision to leave it in Plaintiff Wilson's aorta, subjecting her to further injury as it calcified (in addition to the further injuries resulting simply from the continued presence of the broken-off piece of catheter in Plaintiff Wilson's aorta).

73. In addition to preventing Plaintiff Wilson from seeking redress for her injuries in a court of law, the cover-up of her injuries prevented Plaintiff Wilson from seeking appropriate medical treatment for them.  The piece of broken catheter in Plaintiff Wilson's aorta has calcified during the years that passed since the defendants first became aware of the piece of broken catheter in Plaintiff Wilson's aorta but decided not to tell her about it.  The removal of the piece of broken catheter in Plaintiff Wilson's aorta, which would be beneficial to Plaintiff Wilson's health, will now be much more difficult than it would have been had it been attempted years ago (as it would have been had the defendants not concealed the existence of a piece of broken catheter in Plaintiff Wilson's aorta from Plaintiff Wilson).  Indeed, the removal of the piece of broken catheter in Plaintiff Wilson's aorta, which would be beneficial to Plaintiff Wilson's health, may now even prove to be impossible due to the

15

calcification of the piece of broken catheter.  Such removal would not have been impossible had it been attempted closer to the time that the defendants first learned of the existence of a piece of broken catheter in Plaintiff Wilson's aorta but chose to conceal this information from Plaintiff Wilson.

74. As physicians treating a patient, Defendants had special relationships with Plaintiff Wilson.

75. On information and belief, the constitutional deprivations alleged herein were inflicted upon Plaintiff Wilson due to the fact that she was economically disadvantaged and not privately insured.  On information and belief, Plaintiff Wilson was victimized by each of the Defendants due to what the Dallas Morning News has referred to as a "class-based culture of care" at Defendant Parkland.  *See* http://www.niemanwatchdog.org/index.cfm?fuseaction=showcase.view&showcaseid =141, which is incorporated herein by reference.

76. On information and belief, Defendants – in addition to directly violating Plaintiff Wilson's constitutional rights – knew that Plaintiff Wilson's constitutional rights were being violated by the other Defendants and neglected and/or refused to prevent the other Defendants from violating Plaintiff Wilson's constitutional rights.

## VIOLATION OF FEDERAL CONSTITUTIONAL RIGHT TO BODILY INTEGRITY (42 U.S.C. §§ 1983, 1985, AND 1986)

77. Plaintiff repeats and realleges paragraphs 1 through 76 as if set forth fully herein.

78. Through the acts described herein – including, but not limited to, through leaving a broken piece of catheter in Plaintiff Wilson's aorta without Plaintiff Wilson's

16

knowledge or permission and through concealing this fact from Plaintiff Wilson –
Defendants violated Plaintiff Wilson's constitutional right to bodily integrity.

79. On information and belief, Defendants, knowing of the existence of the broken-off
piece of catheter in Plaintiff Wilson's aorta, made the intentional decision to leave it
in Plaintiff Wilson's aorta, subjecting her to further injury as it calcified (in addition
to the further injuries attendant simply to the continued presence of the broken-off
piece of catheter in Plaintiff Wilson's aorta).

80. Moreover, on information and belief, Plaintiff Wilson was subjected to medical tests
for the benefit of Defendants in planning their defense strategy or otherwise, not for
the benefit of the patient, Plaintiff Wilson.  This can have been the only possible
reason for conducting the tests, as they were not apparently used to treat Plaintiff
Wilson's condition – created by the Defendants – of having a catheter in her aorta.
Nor were they used to inform Plaintiff Wilson that she had a catheter in her aorta.

81. As physicians treating a patient, Defendants had special relationships with Plaintiff
Wilson.

82. On information and belief, the constitutional deprivations alleged herein were
inflicted upon Plaintiff Wilson due to the fact that she was economically
disadvantaged and not privately insured.  On information and belief, Plaintiff Wilson
was victimized by each of the Defendants due to what the Dallas Morning News has
referred to as a "class-based culture of care" at Defendant Parkland.  *See*
http://www.niemanwatchdog.org/index.cfm?fuseaction=showcase.view&showcaseid
=141, which is incorporated herein by reference.

83. On information and belief, Defendants – in addition to directly violating Plaintiff Wilson's constitutional rights – knew that Plaintiff Wilson's constitutional rights were being violated by the other Defendants and neglected and/or refused to prevent the other Defendants from violating Plaintiff Wilson's constitutional rights.

**VIOLATION OF FEDERAL CONSTITUTIONAL RIGHT TO BODILY PRIVACY/RIGHT AGAINST BODILY INTRUSION (42 U.S.C. §§ 1983, 1985, AND 1986)**

84. Plaintiff repeats and realleges paragraphs 1 through 83 as if set forth fully herein.

85. Through the acts described herein – including, but not limited to, through leaving a broken piece of catheter in Plaintiff Wilson's aorta without Plaintiff Wilson's knowledge or permission and through concealing this fact from Plaintiff Wilson – the defendants violated Plaintiff Wilson's constitutional right to bodily integrity.

86. On information and belief, the Defendants, knowing of the existence of the broken-off piece of catheter in Plaintiff Wilson's aorta, made the intentional decision to leave it in Plaintiff Wilson's aorta, subjecting her to further injury as it calcified (in addition to the further injuries attendant simply to the continued presence of the broken-off piece of catheter in Plaintiff Wilson's aorta).

87. Moreover, on information and belief, Plaintiff Wilson was subjected to medical tests for the benefit of Defendants in planning their defense strategy, not for benefit of the patient, Plaintiff Wilson. This can have been the only reason for the tests, as they were not apparently used to treat Plaintiff Wilson's condition – created by the Defendants – of having a catheter in her aorta. Nor were they used to inform Plaintiff Wilson that she had a catheter in her aorta.

18

88. As physicians treating a patient, Defendants had special relationships with Plaintiff Wilson.

89. On information and belief, the constitutional deprivations alleged herein were inflicted upon Plaintiff Wilson due to the fact that she was economically disadvantaged and not privately insured.  On information and belief, Plaintiff Wilson was victimized by each of the Defendants due to what the Dallas Morning News has referred to as a "class-based culture of care" at Defendant Parkland.  *See* http://www.niemanwatchdog.org/index.cfm?fuseaction=showcase.view&showcaseid =141, which is incorporated herein by reference.

90. On information and belief, Defendants – in addition to directly violating Plaintiff Wilson's constitutional rights – knew that Plaintiff Wilson's constitutional rights were being violated by the other Defendants and neglected and/or refused to prevent the other Defendants from violating Plaintiff Wilson's constitutional rights.

## VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS THROUGH COVER-UP OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS (42 U.S.C. §§ 1983, 1985, AND 1986)

91. Plaintiff repeats and realleges paragraphs 1 through 90 as if set forth fully herein.

92. Defendants took overt acts to conceal the existence of the constitutional violation(s) alleged herein.  Specifically, on information and belief, the defendants in this case endeavored to conceal and/or spoliate (through the passage of time) the evidence that a broken-off piece of catheter remained in Plaintiff Wilson's aorta.    This cover-up of Plaintiff Wilson's injuries was itself a constitutional violation (of Plaintiff Wilson's constitutionally protected right of access to the courts to petition for redress

of grievances) and constitutes a separate and additional violation of 42 U.S.C. §§ 1983, 1985, and 1986.

93. As physicians treating a patient, Defendants had special relationships with Plaintiff Wilson.

94. On information and belief, the constitutional deprivations alleged herein were inflicted upon Plaintiff Wilson due to the fact that she was economically disadvantaged and not privately insured. On information and belief, Plaintiff Wilson was victimized by each of the Defendants due to what the Dallas Morning News has referred to as a "class-based culture of care" at Defendant Parkland. *See* http://www.niemanwatchdog.org/index.cfm?fuseaction=showcase.view&showcaseid =141, which is incorporated herein by reference.

95. On information and belief, Defendants – in addition to directly violating Plaintiff Wilson's constitutional rights – knew that Plaintiff Wilson's constitutional rights were being violated by the other Defendants and neglected and/or refused to prevent the other Defendants from violating Plaintiff Wilson's constitutional rights.

**CONSPIRACY TO VIOLATE FEDERAL CONSTITUTIONAL RIGHTS THROUGH COVER-UP OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS (42 U.S.C. §§ 1983, 1985, AND 1986)**

96. Plaintiff repeats and realleges paragraphs 1 through 95 as if set forth fully herein.

97. On information and belief, Defendants' actions taken to cover up the existence of the constitutional violation(s) alleged herein were taken pursuant to a conspiracy among Defendants to prevent Plaintiff Wilson from learning of the existence, nature, and/or causation of her injuries. This conspiracy was itself a constitutional violation and constitutes a separate and additional violation of 42 U.S.C. §§ 1983, 1985, and 1986.

98. On information and belief, each of the Defendants concealed and/or conspired to conceal the existence of a piece of broken catheter in Plaintiff Wilson's aorta from Plaintiff Wilson, individually and/or in concert with others.

99. As physicians treating a patient, Defendants had special relationships with Plaintiff Wilson.

100.   On information and belief, the constitutional deprivations alleged herein were inflicted upon Plaintiff Wilson due to the fact that she was economically disadvantaged and not privately insured.  On information and belief, Plaintiff Wilson was victimized by each of the Defendants due to what the Dallas Morning News has referred to as a "class-based culture of care" at Defendant Parkland.  *See* http://www.niemanwatchdog.org/index.cfm?fuseaction=showcase.view&showcaseid =141, which is incorporated herein by reference.

101.   On information and belief, Defendants – in addition to directly violating Plaintiff Wilson's constitutional rights – knew that Plaintiff Wilson's constitutional rights were being violated by the other Defendants and neglected and/or refused to prevent the other Defendants from violating Plaintiff Wilson's constitutional rights.

## ALTERNATIVE CLAIM FOR UNCONSTITUTIONAL TAKING PURSUANT TO THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

102.   Plaintiff repeats and realleges paragraphs 1 through 101 as if set forth fully herein.

103.   Defendants allege, wrongly, that Plaintiff Wilson's causes of action against them under state law are barred.

104.   As described elsewhere in this petition, if this argument were to be accepted, it would be the result of Defendants depriving Plaintiff Wilson of her causes of action against them under state law without just compensation.

21

105.   Accordingly, Plaintiff Wilson has an alternative claim for the unconstitutional taking of her state law causes of action by concealing the information underlying them (thereby taking the value of the claim or a portion of the value of the claim without paying just compensation) pursuant to the Fifth Amendment to the United States Constitution.

## XIII.

## DECLARATORY JUDGMENT

106.   In the event that the foregoing causes of action do not otherwise provide a compensable remedy to Plaintiff, Plaintiff seeks a declaratory judgment that Section 101.101 of the Texas Civil Practice Remedy's Code is unconstitutional and a violation of her 14th Amendment rights under the United States of America Constitution. She also seeks her attorneys' fees pursuant to Texas Civil Practice Remedy's Code §37.009.

## XIV.

## ATTORNEYS' FEES

107.   Plaintiff Wilson is entitled to the recovery of her attorneys' fees, including under 42 U.S.C. § 1988 and TEX. CIV. PRAC. & REM. CODE § 37.009.

## XV.

## FRAUDULENT CONCEALMENT, THE DISCOVERY RULE, AND EQUITABLE TOLLING

108.   As discussed throughout this petition, the fraudulent concealment perpetrated by Defendants prevented any of Plaintiff Wilson's causes of action from accruing until within the limitations period.   In addition or in the alternative to fraudulent

22

concealment, Plaintiff Wilson pleads the application of both the discovery rule and equitable tolling based on the facts set forth in this petition.

## XVI.

## REQUEST FOR DISCLOSURE

109.    Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in the Texas Rule of Civil Procedure 194(a)-(k).

## XVII.

## USE OF DISCOVERY

110.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff intends to use all documents produced by Defendants in discovery conducted in this matter at any pretrial proceeding and/or trial.

## XVIII.

## REQUEST FOR LEGAL HOLD

111.    Defendants are requested to hold and to take steps necessary to preserve all evidence relevant to this case during the pendency of this litigation, including but not limited to all documents, records, reports, X-ray films, films, photographs, emails, letters, text messages, video, audio, and any other form of communication or other evidence related to Plaintiff and/or Plaintiff's injuries.

## XIX.

## JURY DEMAND

112.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XX.

### CONDITIONS PRECEDENT

113.   All conditions precedent to Plaintiff's claims have occurred or been waived by Defendants.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Debra Wilson prays that Defendants appear and answer herein, and that upon final hearing, she have judgment against defendants, jointly and severally, for damages, together with pre- and post-judgment interest at the highest legal rates, costs of court, attorneys' fees, and all such other and further relief, general and special, legal equitable, to which she may show herself justly entitled.

Respectfully submitted,

/s/ D. Bradley Kizzia
Dallas County Hospital District d/b/a Parkland
Health & Hospital System (Parkland), and Dr. John
Doe, individually and/or as joint tortfeasors
**D. BRADLEY KIZZIA**
State Bar No. 11547550
brad@brownfoxlaw.com
**ANTHONY T. RICCIARDELLI**
State Bar No. 24070493
anthony@kjpllc.com
**KIZZIA JOHNSON PLLC**
750 N. St. Paul Street, Suite 1320
Dallas, Texas 752010
(469) 893-9940
(214) 613-3330 FAX

**ATTORNEYS FOR PLAINTIFF**

24

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record on the 13th day of November, 2015, in accordance with the Texas Rules of Civil Procedure.

/s/ D. Bradley Kizzia
**D. BRADLEY KIZZIA**

25