UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEBRA WILSON, ) | |
|    Plaintiff, ) | |
| v. ) | No. 3:15-CV-3942-BF |
| DALLAS COUNTY HOSPITAL ) | |
| DISTRICT d/b/a PARKLAND HEALTH ) | |
| AND HOSPITAL SYSTEM, and ) | |
| JOHN DOES, ) | |
|    Defendants. ) | |

**MEMORANDUM OPINION & ORDER**

Before the Court is Dallas County Hospital District d/b/a Parkland Health and Hospital System's ("Parkland") Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) for Failure to State a Claim [ECF No. 13] ("Motion to Dismiss"). For the following reasons, Parkland's Motion to Dismiss [ECF No. 13] is **GRANTED in part**.

**BACKGROUND**

This case arises out of a left heart catheterization procedure performed at Parkland on November 1, 2007. 2d Am. Compl. 4, ECF No. 11. Debra Wilson ("Wilson") contends that during the procedure, a 20 centimeter piece of plastic catheter broke due to the defendants' negligence and remained inside her body. *Id.*, ECF No. 11. Wilson alleges that the defendants knew or should have known that the catheter broke and remained inside her body and failed to warn her that the surgery posed a risk that broken catheter pieces could remain in her body after her surgery. *Id.* at 5, ECF No. 11. Wilson contends that the defendants' failure to warn her of the risks associated with the surgery and their failure to inform her that she had broken catheter pieces in her body precluded her from making informed medical decisions and seeking further medical care. *Id.*, ECF No. 11.

Wilson states that she went to the emergency room at Parkland on August 18, 2014 because

she experienced abdominal pains. *Id.*, ECF No. 11. Wilson states that, after several tests and a CT scan were conducted, a foreign body was found in her thoracic and abdominal aorta. *Id.*, ECF No. 11. Furthermore, the CT angiography showed what the examining physician described as an "interesting calcific linear density beginning in the descending thoracic aorta extending to the level of the distal abdominal aorta which has been described as a calcified catheter fragment." *Id.*, ECF No. 11. Plaintiff notified Parkland of this information in September of 2014. *Id.*, ECF No. 11. Wilson contends that she suffered multiple injuries to her abdomen and related areas which caused permanent bodily impairment and disfigurement. *Id.* at 6, ECF No. 11. Wilson states that she underwent numerous surgeries and treatments for these injuries, has experienced severe physical pain and mental anguish, and has incurred substantial medical expenses. *Id.*, ECF No. 11.

On August 11, 2015, Wilson filed her Original Petition in the 101st Judicial District Court in Dallas, Texas. Original Pet. 1, ECF No. 1 at 7. Wilson filed her Amended Petition on November 13, 2015. Am. Pet. 1, ECF No. 1 at 32. On December 11, 2015, Parkland removed the case to the Northern District of Texas. Notice of Removal 1, ECF No. 1 at 1. Wilson then filed her "Federal Complaint" on January 8, 2016. 2d Am. Compl. 1, ECF No. 11. In her second amended complaint, Wilson brings the following state claims against Parkland - **Count 1:** Negligence; **Count 2:** Lack of Informed Consent; **Count 3:** Fraudulent Concealment and/or Non-disclosure; **Count 4:** Negligent Condition or Use of Tangible Property; and **Count 5:** Alternative Claim for Unconstitutional Taking Pursuant to Article I, Section 17 of the Texas Constitution. *Id.* at 6-11, ECF No. 11.

Wilson also alleges the following state claims against the John Doe defendants, whom Wilson describes as the unknown doctors who performed her examinations, tests, treatments, and 2007 surgery - **Count 6:** Lack of Informed Consent; and **Count 7:** Fraudulent Concealment and

2

<small>

Non-disclosure. *Id.* at 13-14, ECF No. 11. Wilson contends that, to the extent the John Doe defendants claim to be employees of a governmental entity, sovereign immunity does not apply to their acts of intentional non-disclosure and fraudulent concealment. *Id.* at 14, ECF No. 11. In addition, Wilson contends that *res ipsa loquitur* applies because: (a) the incident is such that it would not ordinarily occur in the absence of negligence; and (b) the instrumentality that caused the injury was under the management and control of the defendants. *Id.* at 15, ECF No. 11. While Wilson stated in her January 8, 2016 second amended complaint that the "Defendant Doctors 'John Does' who operated on, treated, and withheld information from Plaintiff Wilson at Parkland are not identified at this time, but will be pending further discovery[,]" the case docket does not reflect that those defendants were identified and served at the time of the June 14, 2016 stay of discovery or anytime thereafter. *Id.* at 2, ECF No. 11; Order, ECF No. 28.

Wilson further alleges the following federal claims against Parkland - **Count 8:** Violation of Federal Constitutional Rights through Denial of Medical Care (42 U.S.C. §§ 1983, 1985, and 1986); **Count 9:** Violation of Federal Constitutional Right to Bodily Integrity (42 U.S.C. §§ 1983, 1985, and 1986); **Count 10:** Violation of Federal Constitutional Right to Bodily Privacy/Right Against Bodily Intrusion (42 U.S.C. §§ 1983, 1985, and 1986); **Count 11:** Violation of Federal Constitutional Rights Through Cover-Up of Violation of Federal Constitutional Rights (42 U.S.C. §§ 1983, 1985, and 1986); **Count 12:** Conspiracy to Violate Federal Constitutional Rights Through Cover-Up of Violation of Federal Constitutional Rights (42 U.S.C. §§ 1983, 1985, and 1986); **Count 13:** Conspiracy to Violate Federal Constitutional Rights Through Cover-Up of Violation of Federal Right (42 U.S.C. §§ 1983, 1985, and 1986); and **Count 14:** Alternative Claim for Unconstitutional Taking Pursuant to the Fifth Amendment to the United States Constitution. 2d Am. Compl. 18-29,

ECF No. 11. In addition, Wilson "seeks a declaratory judgment that Section 101.101 of the Texas Civil Practice [and Remedies] Code is unconstitutional and a violation of her 14th Amendment rights under the United States of America Constitution[,]" if the Court finds that "the foregoing causes of action do not otherwise provide a compensable remedy to Plaintiff." *Id.* at 29, ECF No. 11.

## ANALYSIS

Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8(a)(2) does not require detailed factual allegations, mere labels and conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Furthermore, under Rule 12(b)(6), a court examines pleadings by accepting all well-pleaded facts as true and viewing them in a light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). A court may dismiss a complaint under Rule 12(b)(6) if the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In considering a Rule 12(b)(6) motion to dismiss, the court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *See id.* A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

As Parkland points out, Wilson must allege that she was deprived of a constitutional right pursuant to an official custom or policy in order to state a claim under 42 U.S.C. § 1983 ("Section

4

1983") against Parkland because it is a governmental entity. *Id.* at 4, ECF No. 13. Wilson's "description of a policy or custom and its relationship to the underlying constitutional violation . . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Furthermore, "[i]solated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability." *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984); *see also Hatcher v. City of Grand Prairie*, No. 3:14-CV-432-M, 2015 WL 181763, at *7-8 (N.D. Tex. Jan. 14, 2015) ("Plaintiffs fail to allege any factual basis to support a particular policy or custom-formal or informal-that led to the constitutional violations alleged in their complaint. . . .They do not allege facts to establish any other instances where an individual has been shot or tasered for noncompliance with officer commands alone or any other information to suggest that any such conduct constitutes an unwritten custom of Grand Prairie. . . . Plaintiffs' allegations are about one incident involving Officer Bement, which they allege resulted in a constitutional deprivation, from which Plaintiffs ask the Court to infer that Grand Prairie had a *de facto* policy or customary practice of allowing excessive force by its peace officers or that Grand Prairie engaged in ratification by inaction."). In addition, Wilson must "identify the policy, connect the policy to the governmental entity itself, and show that h[er] injury was incurred because of the application of that specific provision." *Hatcher*, 2015 WL 181763, at *7. As Parkland argues, Wilson's second amended complaint wholly fails to allege the necessary facts to state a Section 1983 claim. *See* Mot. to Dismiss 6-7, ECF No. 13.

As Parkland further argues, Wilson's conspiracy related claims under Sections 1985 and 1986 also fail. *See id.* at 15-16, ECF No. 13. In order to "state a claim for relief under Section 1985(3), a plaintiff must allege (1) a conspiracy involving two or more persons; (2) for the purpose

5

of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, Civ. Action No. 15-2177, 2016 WL 4479507, at *6 (E.D. La. Aug. 25, 2016) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)). "In addition, the conspiracy must be motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)). Wilson "must allege sufficient facts showing that the defendants conspired to discriminate against [her] on the basis of" race or other class-based animus. *Id.* (citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002)).

It appears from Wilson's second amended complaint that she believes the defendants discriminated against her because she was "economically disadvantaged and not privately insured." *See* 2d Am. Compl. 26, ECF No. 11. However, as Parkland argues, "[a]ssuming that Wilson intends to invoke her economic and insurance status as a class, precedent of the United States Supreme Court unequivocally establishes that a patient's inability to pay for medical care does not render the patient within a protected class for purposes of constitutional protection." Mot. to Dismiss 16, ECF No. 13; *Harris v. McRae*, 448 U.S. 297, 323 (1980) ("An indigent woman desiring an abortion does not come within the limited category of disadvantaged classes so recognized by our cases. Nor does the fact that the impact of the regulation falls upon those who cannot pay lead to a different conclusion. In a sense, every denial of welfare to an indigent creates a wealth classification as compared to nonindigents who are able to pay for the desired goods or services. But this Court has never held that financial need alone identifies a suspect class for purposes of equal protection analysis." (internal

6

quotation marks and citations omitted)). In sum, as argued by Parkland, other than conclusory allegations, Wilson fails to state a conspiracy claim under Section 1985. Mot. to Dismiss 16, ECF No. 13. As Parkland further argues, Wilson's Section 1986 claim also fails, because Section 1986 is derivative of Section 1985. *See id.* at 16-17, ECF No. 13; 42 U.S.C. § 1986 ("Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured[.]").

As argued by Parkland, Wilson's alternative claim for unconstitutional taking under the Fifth Amendment of the United States Constitution also fails. Mot. to Dismiss 17-19, ECF No. 13; 2d Am. Compl. 28-29, ECF No. 11. "The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Wilson does not allege that Parkland acted under any federal authority. 2d Am. Compl. 28-29, ECF No. 11. Furthermore, because all of Wilson's underlying federal claims fail, her request for declaratory relief in connection with her federal claims also lacks merit. *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:03-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) ("The federal Declaratory Judgment Act [], 28 U.S.C. §§ 2201, 2202, does not create a substantive cause of action. . . . . A declaratory judgment action is merely a vehicle that allows a party to obtain an 'early adjudication of an actual controversy' arising under other substantive law." (citations and internal quotation marks omitted)). To the extent Wilson seeks declaratory relief in connection with her state claims, she may seek such relief in state court as discussed below.

Having concluded that all of Wilson's federal claims against Parkland should be dismissed,

the Court now considers Wilson's state law claims over which "[t]he Court has supplemental jurisdiction . . . through 28 U.S.C. § 1367(a)." *Exigis, LLC v. City of Dall.*, No. 3:15-CV-1372-N, 2016 WL 3360570, at *4 (N.D. Tex. Mar. 22, 2016). "However, under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Id.* (citing *Rhyne v. Henderson Cty.*, 973 F.2d 386, 395 (5th Cir. 1992)). "In deciding whether to decline jurisdiction over pendent state law claims, courts should balance considerations of 'judicial economy, convenience, fairness and comity.'" *Id.* (quoting *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)). Having considered these factors, the Court declines to exercise supplemental jurisdiction over Wilson's remaining state law claims.

### CONCLUSION

For the foregoing reasons, Parkland's Motion to Dismiss [ECF No. 13] is **GRANTED in part**. The Court dismisses Wilson's federal claims against Parkland and remands the remaining state law claims to the 101st Judicial District Court of Dallas County, Texas.

**SO ORDERED**, this 21st day of September, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE